NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 28 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESMERALDA ESPINOSA MOLAR; et al., | No. 18-71835 |
| Petitioners, | Agency Nos. A206-700-318 |
| v. | A206-700-319 |
| | A206-700-320 |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2020
San Francisco, California

Before: BOGGS,** M. SMITH, and BENNETT, Circuit Judges.

Lead Petitioner Esmeralda Espinosa Molar and her children, Oscar Nava-

Espinoza[1] and Jessica Vasquez Espinosa, seek review of an order of the Board of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] The briefing and administrative record refer to Oscar's last name inconsistently as both Nava-Espinoza and Nava-Espinosa.

Immigration Appeals (BIA). The BIA affirmed a decision of an Immigration Judge (IJ) denying Espinosa Molar's application for asylum and withholding of removal under the Immigration and Nationality Act (INA) and protection under the Convention Against Torture (CAT). This court has jurisdiction under 8 U.S.C. § 1252.

The BIA adopted the IJ's decision and added its own reasoning, so we review both decisions. *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). We review the factual findings underlying the decision for substantial evidence. *Ibid.* Because substantial evidence supports the BIA's decision, we deny Espinosa Molar's petition for review.

Espinosa Molar's claim rested on the robbery, extortion, and kidnappings that her family members suffered in Mexico at the hands of criminals who were likely members of the Zetas cartel. She argued that the psychological harm she suffered amounted to past persecution and that she had a well-founded fear of future persecution based on her membership in a particular social group, specifically, her family. Espinosa Molar also claimed that it is more likely than not that she would be tortured with the acquiescence of the Mexican government if she returned.

1. Substantial evidence supports the BIA's determination that Espinosa Molar did not suffer past persecution. Although harm to close family members may be relevant in assessing whether a petitioner has demonstrated past persecution,

2

*Tamang v. Holder*, 598 F.3d 1083, 1091–92 (9th Cir. 2010), "the harm generally must be inflicted to send the petitioner a message, cause the petitioner emotional harm, or as part of a pattern of persecution closely tied to the petitioner." *Macias-Padilla v. Sessions*, 729 F. App'x 541, 543 (9th Cir. 2018) (citing *Sumolang v. Holder*, 723 F.3d 1080, 1084 (9th Cir. 2013); *Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009); *Njuguna v. Ashcroft*, 374 F.3d 765, 770–72 (9th Cir. 2004)). Espinosa Molar was not threatened or harmed personally, and the criminal activity her relatives experienced was not directed at or closely tied to her. Therefore, she has not demonstrated that *she* suffered past persecution.

2. The BIA also determined that Espinosa Molar lacked a well-founded fear of future persecution based on her family membership. This finding was similarly supported by substantial evidence. "An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Espinosa Molar's testimony about her family members' cheese business and the financial nature of the crimes they suffered support the BIA's conclusion that her relatives were targeted for monetary gain. Espinosa Molar's fear of future criminal activity lacks a nexus to her family membership as required for asylum and withholding of removal under the INA.

3. The BIA further determined that Espinosa Molar was not eligible for CAT

3

relief because she failed to demonstrate that it is more likely than not that she will be tortured with the consent or acquiescence of the government upon return to Mexico. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). This finding was also supported by substantial evidence. Claims based on "generalized evidence of violence and crime in Mexico" are insufficient to prove that it is more likely than not that a petitioner will be tortured. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Espinosa Molar's testimony did not establish the necessary likelihood that criminals will target her for torture if she returns to Mexico. Therefore, Espinosa Molar does not qualify for CAT protection.

We **DENY** the petition for review and **AFFIRM** the decision of the BIA. Accordingly, we **DENY** Espinosa Molar's motion to stay removal as moot.